## CROSSINGS OF INTERURBAN AND STEAM RAILWAYS.

[Circuit Court of Darke County.]

DAYTON & UNION RY. CO. v. DAYTON & MUNCIE TRACTION CO.*

Decided, November 23, 1903.

*Bill of Exceptions—Final Judgment in Appropriation Proceedings—Res Judicata—Railway Crossings Statute Construed—Classification of Steam and Interurban Roads—Statutes Applicable to Each—Appropriation of Railway Property by Another Road—Appeal under Sections 3333-1 or 5226 from Application to Define Manner of Crossing Tracks—Eminent Domain.*

1. Time for the taking of a bill of exceptions for the review of an order made at the preliminary hearing in an appropriation proceeding runs from the date of the order. But whether error can be prosecuted from an order made at the preliminary hearing—*Quaere?*

2. A final judgment of the probate court in a proceeding brought by an interurban railway company to appropriate a right of way over the tracks and property of a steam railway company is *res judicata* as to all questions respecting the rights of both companies with reference to such crossing; and such questions can not be subsequently relitigated in the common pleas court to enjoin the use of the right of way, notwithstanding the suit in the common pleas was filed before the commencement of the proceedings in appropriation.

3. Under the statutes of Ohio steam railways and electric railways are not recognized as belonging to the same class, and statutes regulating and relating to the former are not applicable to the latter, unless an intention clearly appears to the contrary.

4. Hence, the common pleas court is without jurisdiction under Section 3333-1 to define the manner in which an interurban railway may cross a steam road.

5. No appeal lies from a judgment by the common pleas court dismissing an application made by a railroad company to define the manner in which another company may cross its right of way, notwithstanding the right of trial by jury deos not exist and the judgment of dismissal is a final order.

6. The acquisition of property by a railroad company for railroad purposes is not a bar to the appropriation by another company possessing a like franchise of a right of way across said property.

---

*Affirming *Dayton & Union Ry. Co.* v. *Dayton & Muncie Traction Co.*, 1 N. P.—N. S., 218.

WILSON, J.; SULLIVAN, J., and SUMMERS, J., concur.

Three cases have been submitted to the court under the title of *The Dayton & Union Railroad Company* v. *Dayton & Muncie Traction Company,* 14 Dec., 17, 22, 143, numbered 489, 495 and 497. Nos. 489 and 495 are on appeal. No. 497 is a proceeding in error.

They arose in this way. On July 11, 1903, The Dayton & Union Railroad Company filed its petition in the court of common pleas to enjoin The Dayton & Muncie Traction Company from constructing a crossing at a designated point over its tracks, for the reason that to permit it to cross would be destructive to the rights and property of the plaintiff and would necessarily endanger the interests of the public as well as the property of the defendant; also that there was no necessity for the crossing at the point designated. A temporary restraining order was issued upon the filing of this petition and served upon the defendant.

On July 13, 1903, The Dayton & Muncie Traction Company filed its petition in the probate court under the statute seeking to appropriate the same crossing. Subsequently on August 15th, The Dayton & Union Railroad Company filed an application under Section 3333-1, Revised Statutes (95 O. L., 530), authorizing the court of common pleas, upon the application of a railroad, to prescribe the mode and manner in which one road may cross another. In the action in the probate court for the appropriation of the property, The Dayton & Union Railroad Company appeared and joined issue by filing an answer therein. The first defense in the answer is a general denial; the second is the pendency of the injunction case in the court of common pleas, relying upon it as ousting the jurisdiction of the probate court over the subject-matter of the suit. Subsequently on August 17, 1903, it filed a supplemental answer setting out the prosecution of the proceeding under the statute, 95 O. L., 530. A motion was made to strike this supplemental answer from the files in the probate court, and sustained.

The case in the probate court went to trial upon the issues joined and resulted in a finding and decree in favor of The

Dayton & Muncie Traction Company, on August 10, 1903, that it had the right to prosecute the proceeding, that it was necessary for it to cross, and that it was not destructive of The Dayton & Union Railroad Company's franchise; and subsequently passing to the inquiry of damages, judgment was entered, fixing the compensation at $75 and damages at $25. Error was prosecuted from this judgment of the probate court to the court of common pleas and there affirmed; error is now prosecuted here to reverse the judgment of affirmance in the court of common pleas and the judgment of the probate court. This is the error case.

No. 489, which is the application to the common pleas court to fix and determine the mode and manner of crossing, resulted in that court in a decree in favor of the defendant and the dismissal of the application. The plaintiff gave notice of appeal, and seeks now to have the matter retried in this court. A motion is interposed here to dismiss the appeal.

. An appeal is not specially provided for under this statute. If the right of apeal exists it must be under the general statute, Section 5226, Revised Statutes. In order that a party may be entitled to appeal under that section, three things must concur. The order from which appeal is sought to be prosecuted must be a final order; it must be made in a civil action in which the court has original jurisdiction; and the parties must not be entitled to a jury trial. The order in question here is a final order in the proceedings; the parties are not entitled to a jury trial; but it is not a civil action. So that the three things necessary do not concur and the party is not entitled to prosecute the appeal. The appeal, therefore, will be dismissed.

In the injunction case, being cause No. 495 in this court, The Dayton & Muncie Traction Company, the defendant in that action, filed an answer in which it pleaded the adjudication in the appropriation proceedings in the probate court. The Dayton & Union Railroad Company interposed a demurrer to this defense. The demurrer was overruled, and the plaintiff, not desiring to plead further, a decree was entered in favor of the defendant. The case on appeal is now submitted to this court upon the demurrer to this defense.

We are of the opinion that when The Dayton & Muncie Traction Company instituted the proceeding in the probate court to appropriate the property, The Dayton & Union Railroad Company, appearing and answering in that case, had then a plain and adequate remedy at law to which it was remitted; and when it litigated the questions necessarily involved in the appropriation proceedings to a final judgment in that court, it had adjudicated all of the questions which could arise in the injunction case in the court of common pleas. What was involved in both cases was the private right of the parties in, about, and over, this crossing. They each had a franchise right to use it as a crossing. The Dayton & Union Railroad Company had appropriated and paid for its private right, but it had no peremptory exclusive right that would prevent another road from appropriating a crossing on the same land under a like franchise from the state. What they had to contend about was upon what terms, if at all, could The Dayton & Union Railroad Company be deprived of its private property in that crossing by the power of eminent domain. The same subject-matter and the same questions would necessarily arise and be involved in the litigation in either one of the cases, except that the jurisdiction of the probate court was broader than the jurisdiction of the court of common pleas, in that it could give affirmative relief to The Dayton & Muncie Traction Company as well as to the Dayton & Union Railroad Company. The demurrer to the answer will be overruled.

The preliminary hearing in the condemnation proceeding was had in the probate court on August 10th; at least it resulted in the finding and order of the court on that date in favor of The Dayton & Muncie Traction Company upon all of the questions which were required by the statute to be determined as preliminary to the inquiry of damages. The Dayton & Union Railroad Company filed a bill of exceptions in the probate court on October 9th; that was ten days after the judgment on the inquiry of damages, but more than sixty days after the finding and order of the court upon the preliminary hearing. A motion was made in the court of common pleas to strike the bill of exceptions from the files. The motion was overruled by that

court for the reason that the bill, when filed, was a good bill, at least, for the purpose of reviewing the judgment upon the inquiry of damages. A motion was also made to strike out of the bill that part which had reference to the trial on the preliminary questions which resulted in the judgment and order of August 10th. This motion was overruled, the court, in the consideration of the whole record, being of the opinion that the proper proceeding would be to ignore so much of the bill as was not authorized by law. It then found that for the purpose of reviewing the preliminary order made on August 10th, the bill of exceptions was not taken in time; that an appropriation proceeding is in effect two separate proceedings or actions; upon the preliminary hearing The Dayton & Muncie Traction Company is the plaintiff and had the burden of proof; upon the inquiry of damages The Dayton & Union Railroad Company stood in the attitude of plaintiff and had the right to open and close upon the question of damages; that when error is prosecuted from the probate court to the court of common pleas and results in a reversal of the judgment of the probate court, the action is set down for trial upon the inquiry of damages only, and not for a rehearing upon the preliminary questions. All of which being true, the court was of the opinion that in order to review the order made upon the preliminary hearing a bill of exceptions must be taken within the time prescribed by the statute from the date of that order, and this was not done.

This question is very obscure. We are not convinced that there is any right to prosecute error from the order made upon the preliminary hearing. It has been done, however, and has been passed upon by the Supreme Court without raising the question. If it can be done, then we are of the same opinion as the court of common pleas that the preliminary hearing is so far separate from the inquiry of damages, as that, in order to review, a bill of exceptions must be taken from the date of the order, and if not taken within the time prescribed by the statute the bill is not effective to bring the evidence on that question before the court. The common pleas court was right in re-

fusing to look to the bill for the purpose of determining whether or not the order upon the preliminary hearing was made upon sufficient evidence.

But, the motion of The Dayton & Muncie Traction Company to strike from the files the answer of The Dayton & Union Railroad Company, pleading its proceeding under the statute to have the common pleas court fix the terms and conditions upon which one road could cross another, was sustained; this raises the question which was sought to be raised by the appeal in case No. 489. Because if The Dayton & Union Railroad Company was entitled under that statute to go into the court of common pleas and have that court fix the terms, modes and conditions upon which The Dayton & Muncie Traction Company could cross its road, and having done that, came into the probate court and pleaded the pendency of that proceeding, it ought to stay the hand of the probate court until the common pleas court had so fixed the mode and manner of crossing, for the reason that it would affect the question of compensation and damages.

We are called upon therefore to construe that statute; the question being whether or not it applies to The Dayton & Muncie Traction Company. The court of common pleas was of the opinion that it does not apply. We are of the same opinion, and might rest our conclusion in that respect upon the reasoning and the authorities found in the opinion of the learned judge of that court which had been filed with the papers in the case. But it is very easy to re-enforce that opinion by other authorities.

In *C., L. & A. Elec. St. Ry. Co.* v. *Lohe*, 68 Ohio St., 101, the Supreme Court has held:

"An interurban and electric railroad is classed as a street railroad by the statutes of this state."

In the case of *Massillon Bridge Co.* v. *Iron Co.*, 59 Ohio St., 179, it is held:

"The statutes of this state relating to railroads are separate and distinct from those relating to street railroads, and the word 'railroad' in Section 3208, Revised Statutes, and in Sec-

tion 1 of the act of March 20, 1889, 86 O. L., 120, Section 3231-1, Revised Statutes, does not include street railroads.''

Turning to the last section referred to, Section 3231-1, Revised Statutes, we find it reads as follows: ''Any person who shall have performed common or mechanical labor upon, or furnished supplies to any railroad, street railroad, or railroad operated wholly or in part by electric motor power,'' clearly implying that a railroad is one thing, a street railroad is another, and that a railroad operated wholly or in part by electric motor power may be another. They are not treated by the Legislature as synonymous terms. The statutes generally lead to this same conclusion. When one steam railroad crosses its trains over another steam railroad, if they have not the interlocking switch they must stop at a certain distance and not pass until they get the signal. When an electric railroad car passes over a steam railroad, it must send an employe forward to ascertain whether the track is clear, and the car can not cross until it is signaled by the employe that the road is clear.

On the same day that the special act under which this proceeding is sought to be prosecuted was passed, the Legislature passed another act conferring upon electric roads the power of eminent domain. The railroads had had that power from their inception, and if an electric road is identical that legislation would be superfluous. The Legislature clearly understood that they were different roads, and we are driven to the conclusion that the word ''railroad'' in this statute has a fixed legal signification. It means a steam commercial road and nothing else, and whenever it is used in a statute, that meaning must be given to it unless it clearly appears that some other meaning is intended. It does not appear in this statute that they had such other intention, nor does it appear from the proceedings upon the journals of the Legislature that it had any intention to give to the word any other than the ordinary legal signification.

We find that the direct question was decided by the Superior Court of Cincinnati in the case of *Rapid Ry Co.* v. *Railway Co.* The court says:

"We are of the opinion that House Bill No. 230, 95 O. L., 530, does not refer to the kind of road operated by the plaintiff."

The road in question was an electric road.  So that we hold the statute does not apply to The Dayton & Muncie Traction Company; that The Dayton & Union Railroad Company was not authorized by law to prosecute the proceeding which it did in the court of common pleas invoking the power of that court to fix the mode and manner of crossing, and that the answer setting up that proceeding in the probate court was properly stricken from the files.

We find no error upon the record.  The judgment of the court of common pleas is affirmed.

*Nevin & Nevin, J. C. Clark* and *C. B. Heiserman,* for plaintiff in error.

*Anderson, Bowman & Anderson* and *C. P. Matthews,* for defendant in error.